FILED
OCT - 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Betty Bobo,**
7301 Calder Drive
Capitol Heights, Maryland 20743

Plaintiff,

v.

**GOVERNMENT OF THE DISTRICT,**
**OF COLUMBIA,** John A. Wilson
Building, 1350 Pennsylvania Avenue,
Washington, D.C., 20004

Defendant.

Case: 1:07-cv-01779
Assigned To : Bates, John D.
Assign. Date : 10/03/2007
Description: Civil Rights-Non-Employ.

**JURY ACTION**

## COMPLAINT

Plaintiff Betty Bobo ("Plaintiff"), by and through her undersigned counsel, files this Complaint against the Government of the District of Columbia ("District"), and alleges as follows:

### INTRODUCTION

1.     This suit arises from the failure of the Defendant District to carry out the closure of a residential apartment building located at 5007 D Street SE, Washington, DC ("Building") in a manner that comports with the United States Constitution, the District's express promises to the tenants of the Building, and the District's common law duties to the tenants of the Building.

2.     As described more fully herein, the District ordered Plaintiff to vacate the Building in light of purported code violations. The District also told Plaintiff to leave the vast majority of her property at the Building, and promised to safeguard the property.

1

The District did not give Plaintiff notice of her right to challenge the order to vacate or to have her property returned.

3. Nor did the District protect Plaintiff's property as it had promised and as it was required to do by law.

4. Following the closure of the Building, Plaintiff's apartment was robbed and her personal property was stolen, damaged, and destroyed.

## THE PARTIES

5. Plaintiff Betty Bobo is a resident of Maryland. At all relevant times, Ms. Bobo resided in the Building pursuant to a lease.

6. Defendant Government of the District of Columbia is a municipal corporation.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. §1983, 28 U.S.C. § 1343(a)(3) and (4), and 28 U.S.C. § 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred in this district. Declaratory and other necessary and proper relief is authorized pursuant to 28 U.S.C. § 2201 and 2202 as an actual controversy exists.

## INAPPLICABILITY OF D.C. CODE § 12-309

9. The notice requirements of DC Code § 12-309 do not apply to Plaintiff's claims against the District. In the event that the notice requirements of DC Code § 12-309 do apply, they have been satisfied by the filing of a letter.

## FACTS

10. At all relevant times, Plaintiff had a leasehold interest in her apartment located in the Building.

11. On or about October 26, 2004, the District informed Plaintiff that it was going to close the Building. After so informing Plaintiff, the District permitted Plaintiff to remain in the Building for the night.

12. The next day the District returned to the Building and informed Plaintiff that she had to vacate immediately.

13. Employees and agents of the District also instructed Plaintiff and other tenants that they should leave the majority of their personal property in their apartments. When certain of the Building's tenants raised concerns about the security of their property and requested an opportunity to remove the property from the Building, the District informed plaintiff that it would ensure the safe-keeping of her property.

14. With no choice but to follow the District's order to vacate, and to rely on the District's assurances regarding the safekeeping of her property, Plaintiff left the Building.

15. The District did not provide Plaintiff with notice of a right to challenge, either pre-deprivation or post-deprivation, her eviction from the Building or the District's instructions to leave her personal property in the Building. Nor did the District inform Plaintiff which agency or agencies were responsible for the closure of the Building or the retention of her property.

16. Approximately one week after the District closed the Building, Plaintiff's apartment was robbed, and much of her personal property was stolen.

3

17. Upon information and belief, the conditions in the Building did not warrant closure without pre-deprivation due process. Indeed, the District permitted Plaintiff to remain in the Buildings for a night after announcing that the Building would be closed. The District had been familiar with the conditions of the Building for quite some time.

### FIRST CAUSE OF ACTION—VIOLATION OF 42 U.S.C. § 1983

18. Plaintiff repeats and re-alleges the allegations of paragraphs 1-18 as if fully set forth herein.

19. Plaintiff had a constitutionally-protected property interest in her continued residency at the Building, as well as in her personal property.

20. Plaintiff had a constitutional right to notice and a hearing prior to the deprivation of her property interests.

21. In the alternative, if emergency conditions made a pre-deprivation hearing impossible, Plaintiff was entitled to affirmative notice and a prompt post-deprivation hearing.

22. The District's closure of the Building and ordering of Plaintiff to vacate the Building and leave her property in the Building was under color of law and constitutes state action for purposes of 42 U.S.C. § 1983.

23. The District failed to provide Plaintiff with the process required by the Due Process Clause of the Fifth Amendment to the United States Constitution when it ordered Plaintiff to vacate and to leave her property in the Building. Specifically, Plaintiff was entitled to but did not receive pre-eviction notice of her right to challenge the closure and the retention of her property by the District and an opportunity for a

meaningful pre-deprivation hearing or, in the event that emergency conditions made a pre-deprivation hearing impossible, affirmative notice and a prompt and meaningful post-deprivation hearing.

24. Upon information and belief, at all relevant times, it was the official policy of the District not to provide tenants being ordered to vacate (as a result of alleged DC code violations) with notice of the right to challenge the closure and/or the District's retention of tenants' property (where the District instructs tenants to leave their property at the closed building).

25. Upon information and belief, at all relevant times, the District followed a detailed written policy for the closure of "distressed properties" that omits and does not include notice to tenants being ordered to vacate (as a result of alleged DC code violations) of their right to challenge the closure and/or the District's retention of tenants' property (where the District instructs tenants to leave their property at the closed building).

26. The District has denied in court filings that it is required to provide tenants whom the District orders to vacate their buildings with affirmative notice of their right to challenge the building's closure.

27. Upon information and belief, the District's failure to provide the constitutionally required notice is so consistent that is has become custom.

28. Upon information and belief, the closure of the Building and retention of Plaintiffs' property constituted the actions of a final policymaker.

29. Upon information and belief, the District fails to train its employees and agents who carry out closures of buildings to provide constitutionally mandated notice.

5

This failure represents a deliberate indifference to the risk that not providing the training will result in constitutional violations. The District knew or should have known the risk of constitutional violations.

30. As a direct, proximate, and foreseeable consequence of the District's failure to provide Plaintiff with the process required by law, Plaintiff has been harmed, continues to be harmed, and has been damaged in an amount to be determined at trial.

31. The District's failure to provide Plaintiff with the constitutionally required notice was the moving force behind Plaintiff's constitutional injuries.

32. Plaintiff does not have an adequate remedy at law.

33. Plaintiff also is entitled to declaratory and injunctive relief.

### SECOND CAUSE OF ACTION-BREACH OF BAILMENT

34. Plaintiff repeats and re-alleges the allegations of paragraphs 1-34 as if fully set forth herein.

35. A bailment between the District and Plaintiff was formed when the District assumed possession and control over Plaintiff's personal property at the time of the District's order to vacate and leave the property in the Building.

36. The bailment was one for the sole benefit of the District.

37. In the alternative, the bailment was one of mutual benefit.

38. The District breached its duty as bailee by failing to safeguard Plaintiff's property. The District knew that the Building is located in a high-crime area. Yet, the District did not take adequate steps to protect Plaintiff's property, including, *inter alia*, providing sufficient physical barriers and on-site security.

39. As a direct, proximate, and foreseeable result of the District's breach of its bailment, Plaintiff's personal property was stolen.

40. As a result of the District's breach of its bailment, Plaintiff has been harmed, continues to be harmed, and has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION-NEGLIGENCE

41. Plaintiff repeats and re-alleges the allegations of paragraphs 1-41 as if fully set forth herein.

42. The District owed a special duty to Plaintiff. This duty arose from, *inter alia*, the fact that (a) the District had direct and continuing contact with Plaintiff and expressly promised to safeguard Plaintiff's property during the period that the Building was closed, and (b) Plaintiff justifiably relied on the District's promises.

43. The District breached its duty when it failed to protect Plaintiff's property by, *inter alia*, providing sufficient physical barriers and on-site security. As the result of the District's breach of its duty, Plaintiff's personal property was stolen.

44. The District's breach of its duty was the proximate cause of the Plaintiff's loss of his property.

45. As the direct, proximate, and foreseeable result of the District's negligence, Plaintiff has been harmed, continues to be harmed, and has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

1. That the Court determine, declare, and adjudicate the rights of the parties.

2. An order awarding Plaintiff compensatory damages from Defendant.

3. An order awarding Plaintiff her attorneys' fees, expenses, and costs, as allowed by law.

4. An order declaring that the District's policy of evicting tenants without notice and a right to a hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

5. An order preliminarily and permanently enjoining the District from carrying out evictions of residential tenants of buildings alleged by the District to violate code regulations without comporting with the notice and hearing requirements of the Due Process Clause of the Fifth Amendment to the United States Constitution.

6. Such other further relief as the Court may deem just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,

_____
Daniel A. Cantor (DC Bar No. 457115)
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
202-942-5000 (phone)
202-942-5999 (fax)

Counsel for Plaintiffs

Date: October 3, 2007

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Betty Bobo

88888

## DEFENDANTS
Government of the District of Columbia

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ~~Washington, DC~~
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Washington, DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Daniel A. Cantor
Arnold & Porter LLP
555 12th Street, NW
Washington, DC 20004
(202) 942-5000

ATTC

Case: 1:07-cv-01779
Assigned To : Bates, John D.
Assign. Date : 10/03/2007
Description: Civil Rights-Non-Employ.

**JURY ACTION** (stamp)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

(QC Twice)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ⊙ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C § 1983, breach of bailment, and negligence.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 10-3-07   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

RECEIVED OCT - 3 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT