UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BETTY BOBO,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

C.A. No. 07-01779 (JDB)

### DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
### TO PLAINTIFF'S COMPLAINT

Defendant, District of Columbia (hereinafter "the District"), by and through counsel, responds to the Complaint, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Complaint, the defendant District of Columbia responds in like-numbered paragraphs as follows:

#### Introduction

1-3.    The District denies the allegations set forth in paragraphs 1 through 3 of the Complaint.

4.    This defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 4 of the Complaint. To the extent a response is required, this defendant denies the allegations.

#### The Parties

5.    This defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 5 of the Complaint.

6. The District acknowledges its status as a municipal government.

### Jurisdiction and Venue

7-8. This defendant acknowledges the statutory authorities cited in paragraphs 7 and 8 of the Complaint, but denies that jurisdiction and venue are necessarily conferred therefrom.

### Inapplicability of D.C. Code § 12-309

9. The allegations set forth in paragraph 9 of the Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, this defendant denies the allegations.

### Facts

10-16. At this time, this defendant lacks sufficient information at this time to either admit or deny the allegations set forth in paragraphs 10 through 16 of the Complaint.  To the extent a response is required, this defendant denies the allegations.

17. The allegations set forth in paragraph 17 of the Complaint are the legal conclusions of the pleader to which no response is required from this defendant. To the extent a response is required, this defendant denies the allegations.

### First Cause of Action – Violation of 42 U.S.C. § 1983

18. The District reasserts each and every response contained in paragraphs 1 through 17 above as if fully set forth herein and hereby incorporates them by reference.

19-22. The allegations set forth in paragraphs 19 through 22 are the legal conclusions of the pleader to which no response is required from this defendant. To the extent that a response is required, this defendant denies the allegations.

23-25. This defendant denies the allegations set forth in paragraphs 23 through 25 of the Complaint.

26.    The Court records speak for themselves.

27-33.  This defendant denies the allegations set forth in paragraphs 27 through 33 of the Complaint.

### Second Cause of Action – Breach of Bailment
### (On Behalf of Plaintiff Saxon Only)

34.    The District reasserts each and every response contained in paragraphs 1 through 33 above as if fully set forth herein and hereby incorporates them by reference.

35-37.  The allegations set forth in paragraphs 35 through 37 are the legal conclusions of the pleader to which no response is required from this defendant. To the extent that a response is required, this defendant denies the allegations.

38-40.  This defendant denies the allegations set forth in paragraphs 38 through 40 of the Complaint.

### Third Cause of Action – Negligence
### (On Behalf of Plaintiff Saxon Only)

41.    The District reasserts each and every response contained in paragraphs 1 through 40 above as if fully set forth herein and hereby incorporates them by reference.

42.    The allegations set forth in paragraph 42 of the Complaint are the legal conclusions of the pleader to which no response is required from this defendant. To the extent that a response is required, this defendant denies the allegations.

43-45.  This defendant denies the allegations set forth in paragraphs 44 through 45 of the Complaint.

   Further answering, the District denies all allegations of wrongdoing, including intentional, negligent, constitutional misconduct, or otherwise, not specifically denied or otherwise responded to.

**THIRD DEFENSE**

Plaintiff's claims are not cognizable under the Fifth Amendment.

**FOURTH DEFENSE**

Plaintiff's claims do not rise to the level of constitutional violations.

**FIFTH DEFENSE**

The actions of this defendant, by and through its agents/or employees were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

**SIXTH DEFENSE**

The actions of this defendant, by and through its agents and/or employees, were taken in good faith and with a reasonable belief in their lawfulness.

**SEVENTH DEFENSE**

The actions of this defendant, by and through its agents and/or employees, complied with all applicable laws and met or exceeded all applicable standards of care.

**EIGHTH DEFENSE**

If plaintiff was injured as alleged in the Complaint, such injuries were the result of the criminal or wrongful acts of third persons and not this defendant, its employees or agents.

**NINTH DEFENSE**

If plaintiff was injured as alleged in the Complaint, such injuries were the result of her sole or contributory negligence and/or assumption of the risk.

**TENTH DEFENSE**

Plaintiff may have failed to mitigate her damages.

### ELEVENTH DEFENSE

The doctrine of laches and/or the applicable statutes of limitations may bar this action.

### TWELFTH DEFENSE

Plaintiff cannot prove facts sufficient to maintain a cause of action against the defendant District of Columbia pursuant to 42 U.S.C. § 1983.

### THIRTEENTH DEFENSE

This defendant denies all allegations of wrongdoing, including, but not limited to, violations of common law, statutory law, statutory and operational standards, and negligence.

### FOURTEENTH DEFENSE

Plaintiff may have failed to fully comply with the mandatory requirements of D.C. Official Code § 12-309.

### FIFTEENTH DEFENSE

The public duty doctrine may bar plaintiff's claims.

### SIXTEENTH DEFENSE

The District may not be held liable for the criminal conduct of a third person, not employed or otherwise associated with the District unless the criminal act was foreseeable, and the District failed to take action to prevent it.

### SEVENTEENTH DEFENSE

There was no bailment between the District of Columbia and plaintiff.

### SET-OFF

This defendant claims a set-off for any and all funds paid to plaintiff by this defendant, including any grants or other public funds made available to plaintiff or on plaintiff's behalf.

## **JURY DEMAND**

This defendant demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, this defendant requests that the plaintiff's Complaint be dismissed with prejudice, with costs awarded. FURTHER, this defendant reserves the right to amend this answer pursuant to Fed. Rule Civ. Procedure 15.

>Respectfully submitted,
>
>LINDA SINGER
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>      /s/ Patricia A. Jones
>PATRICIA A. JONES [428132]
>Chief, General Litigation, Section IV
>
>
>      /s/ Leticia L. Valdes
>LETICIA L. VALDES [0461327]
>Assistant Attorney General
>441 4th Street, N.W.
>Sixth Floor South
>Washington, D.C. 20001
>(202) 442-9845; (202) 727-6295
>Leticia.Valdes@dc.gov