UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY BOBO, ) | |
| ) | |
| Plaintiff, ) | No. 07-01779 (JDB) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**JOINT SUBMISSION PURSUANT TO LOCAL RULE 16.3**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3(d), the parties hereby respectfully submit this joint report. Descriptions of the parties' respective positions as to each issue set forth in Local Rule 16.3(c) are set forth below. The parties' proposed order is filed as an attachment to this report.

**1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

No dispositive motion has been filed to date. Plaintiff believes that, depending on the results of fact discovery, portions of the case may be amenable to summary judgment. The District believes that this matter may be disposed of in its entirety by dispositive motion. The parties propose a schedule for summary judgment briefing as set forth in their response to issue No. 6, *infra*, and in their proposed scheduling order.

**2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The parties agree that all parties shall be joined and that any amendments to pleadings be completed within 90 days of the entry of the scheduling order by the Court. The parties are

willing to explore whether certain factual and legal issues can be agreed to or narrowed at this time.

**3.   Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not believe that the case should be assigned to a magistrate for all purposes.

**4.   Whether there is a realistic possibility of settling the case.**

The parties are exploring the possibility of settlement.

**5.   Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties do not believe that the case would benefit from alternative dispute resolution procedures at this time.

**6.   Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions**.

Plaintiff believes that portions of the case may be amenable to summary judgment.  The District believes that this matter may be disposed of in its entirety by dispositive motion

The parties propose the following schedule for summary judgment briefing: (a) all motions for summary judgment shall be filed by not later than 30 days after the close of discovery; (b) all responses shall be filed by no later than 30 days of the filing of the initial motion; (c) all replies shall be filed by no later than 15 days of the filing of the opposition motion.

**7.   Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to follow the procedures set forth in Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2 for the exchange of initial disclosures.

**8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties believe that a four month discovery period would be appropriate. The parties believe that the limitations on number of depositions and interrogatories as set forth in the Federal and Local Rules are appropriate, subject to the right of each party to request at a later time that the Court increase the limits. The defendant further reserves the right to seek the entry of appropriate protective orders for high ranking officials of the District of Columbia government, and/or for the release of any personnel records.

**9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The Parties propose the following schedule for expert discovery:

(a) Experts shall be identified and expert reports disclosed as described by Fed. R.Civ. P. 26(2)(B) within 60 days of the entry of the scheduling order.

(b) Rebuttal experts, as described by Fed. R.Civ. P. 26(2)(C), shall be identified and rebuttal reports disclosed within 90 days of the entry of the scheduling order.

(c) Depositions of all experts shall be conducted by the close of discovery.

**10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not Applicable.

**11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

**Plaintiff:**   Plaintiff does not believe bifurcation of either the trial or discovery is necessary.

**Defendant**:   The defendant reserves the right to seek bifurcation if appropriate.

**12.    The date for a pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that a pretrial conference be held within 45 days of the Court's ruling on any motion for summary judgment, or within 45 days of the close of discovery if no motion for summary judgment is filed.

**13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

**Plaintiff:**   Plaintiffs respectfully request that the Court set a firm trial date at the first scheduling conference.

**Defendant**:   The defendant proposes that a trial date be set following a decision on any dispositive motion filed in this matter, and/or that the trial date be set at the Pretrial Conference.

**14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None at this time.

**15.    Parties' Brief Description of Case**

**Plaintiff's Brief Description of Case**:  Plaintiff is a former tenant of a residential building in Southeast Washington, DC.  Plaintiff is suing the District of Columbia ("District") for its violation of her procedural due process rights when it evicted her from her apartment and ordered plaintiff to leave her property in the District's control without affording plaintiff notice and a right to a hearing, either pre-deprivation or post-deprivation.  In addition, plaintiff is suing the District in bailment and negligence for its failure to safeguard her personal property as it

4

promised to do after evicting her and ordering her to leave her personal property in the District's care.

The building at issue is located at 5503-5509 D Street, SE, Washington, DC (the "Building"). On or about October 26, 2004, the District conducted an inspection of the Building. Following the inspection, the District permitted plaintiff to continue to reside in the Building. The next day, representatives of the District returned to the Building and ordered plaintiff to vacate immediately. The District instructed plaintiff to leave the vast majority of her personal property in the Building. Plaintiff was assured that the District would safeguard her personal property. The District did not provide plaintiff with any notice or a hearing, be it pre-deprivation or post-deprivation, to challenge either the closure of the Building or the instructions to leave her property in the Building. Plaintiff seeks damages and injunctive relief for the District's violation of her procedural due process rights pursuant to 42 U.S.C. § 1983.

Following the eviction, when the District was supposedly safeguarding plaintiff's personal property, the property was stolen. Plaintiff seeks damages for defendants' breach of bailment and negligence.

**Defendant's Brief Description of Case**: Plaintiff claims to be a former tenant in S.E., Washington, D.C. She alleges that the District improperly evicted from her residence without due process, and her personal property was stolen by third parties, not associated with the District. Plaintiff's claims do not rise to the level of constitutional violations.

                        Respectfully Submitted,

                        _____/s/_____
                        Daniel A. Cantor (DC Bar No. 457115)
                        ARNOLD & PORTER, LLP
                        555 Twelfth Street, N.W.
                        Washington, DC 20004-1206

(202) 942-5000 (phone)
(202) 942-5999 (fax)

Counsel for Plaintiffs


LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____\\s\\_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____\\s\\_____
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
 (202) 442-9845; (202) 727-6295
Leticia.valdes@dc.gov

Dated:  November 20, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **BETTY BOBO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 07-01779 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**[PROPOSED] SCHEDULING ORDER**

The Court, having considered the issues raised by the parties with respect to scheduling, and for good cause shown, it is on this ____ day of _____, 2007, hereby

ORDERED that the following schedule shall govern the proceedings in this action:

1. All additional parties shall be joined and all amendments to pleadings completed within 90 days of the entry of this Order.

2. Discovery shall be completed within 120 days of this Order.

3. Each side may conduct 10 depositions and propound 25 interrogatories to the other side.

4. Expert discovery shall be completed by the close of discovery as follows:

    (a) Initial experts shall be identified and expert reports disclosed as described by Fed. R.Civ. P. 26(2)(B) within 60 days of the entry of this Order.

    (b) Rebuttal experts, as described by Fed. R.Civ. P. 26(2)(C), shall be identified and rebuttal reports disclosed 90 days of the entry of this Order.

      (c)    Depositions of all experts shall be completed by the close of discovery.

5    Any motion for summary judgment shall be filed by no later than 30 days after the close of discovery.  A response shall be filed by no later than 30 days after the filing of the initial motion.  A reply, if any, shall be filed by no later than 15 days after the filing of the opposition.

IT IS SO ORDERED.

                                                                                             _____

                                                                                             JOHN D. BATES  
                                                                                             United States District Court Judge